UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **M.I.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-5742** |
| **MICHAEL J. ASTRUE,** **COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion for summary judgment of M.I.A. is **GRANTED.** (Document #11.)

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED**, and the case is **REMANDED** pursuant to the fourth sentence of 42 U.S.C. 405(g).

**IT IS FURTHER ORDERED** that the cross-motion for summary judgment of the Commissioner of Social Security Administration is **DENIED**. (Document #16.)

### I. BACKGROUND

M.I.A. is an eight-year-old boy, born on October 2, 2000, who has been diagnosed with attention deficit hyperactivity disorder and oppositional defiant disorder. A claim for

Supplemental Security Income (SSI) disability benefits was protectively filed on his behalf on September 27, 2004.  The application was initially denied on February 23, 2005, and M.I.A. requested a hearing before an administrative law judge (ALJ).  The ALJ held a hearing on January 11, 2007 and issued a decision denying the application for SSI on February 23, 2007.  The ALJ determined that M.I.A. has the severe impairments of attention deficit hyperactivity disorder and oppositional defiant disorder (20 C.F.R. 416.924(c)), but that he does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. 416.924, 416. 925, and 416.926).  The Appeals Council denied review on July 21, 2007, and the ALJ's decision became the final decision of the Commissioner.

      M.I.A. filed a complaint for review, pursuant to 42 U.S.C. § 405(g).  M.I.A. filed a motion for summary judgment, and the Commissioner filed a cross motion for summary judgment.  The magistrate judge issued a report and recommended that M.I.A.'s motion for summary judgment be denied and that the Commissioner's cross-motion for summary judgment be granted.[1]  M.I.A. filed objections to the magistrate judge's report and recommendation.

      In his objections, M.I.A. argues that the ALJ did not adequately consider all relevant information in his record.  Further, M.I.A. informs the court that, upon filing a second application, he was granted SSI disability benefits on August 6, 2007, effective June 11, 2007.  The court ordered the parties to file supplemental memoranda addressing the impact of the

---

[1] In the report and recommendation, the magistrate judge stated that "[u]nquestionably, the evidence is conflicting," and she was "given pause" by the disciplinary reports.

subsequent grant of SSI disability benefits.

## II. DISCUSSION

M.I.A. contends that the second favorable determination was based essentially on the same issues as the previous unfavorable determination. M.I.A. argues that the grant of benefits is new and material evidence that the prior decision of the ALJ and the Commissioner is not supported by substantial evidence. M.I.A. seeks a reversal of the decision and a remand for further consideration.

Pursuant to 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." "Evidence that was not in existence at the time of the administrative . . . proceedings meets the 'new' requirement for remand to the Secretary." Hunter v. Astrue, 283 Fed. Appx. 261, 262 (5th Cir. 2008). "For new evidence to be material, there must exist the reasonable possibility that it would have changed the outcome of the Secretary's determination." Id. (internal quotation and citation omitted). "Implicit in the materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Id. (internal quotation and citation omitted).

"A district court may remand a social security case pursuant only to the fourth and sixth sentences of § 405(g)." Dudley v. Astrue, 246 Fed. Appx. 249, 250 (5th Cir. 2007). "The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing

the decision of the [Commissioner], with or without remanding the cause for a rehearing." Id. (internal quotation and citation omitted).

"[I]f a remand is pursuant to the sixth sentence of § 405(g), [t]he district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." Id (internal quotation and citation omitted). "In the case of a remand pursuant to sentence six, the district court retains jurisdiction of the case." Id. "More specifically, sentence six provides that [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner . . . files [an] answer, remand the case to the Commissioner . . . for further action by the Commissioner." Id. (internal quotation and citation omitted). The Commissioner has not filed a motion to remand under the sixth sentence.

The court finds that the grant of SSI disability benefits in the time frame between the ALJ's decision and the Appeal Council's denial of review is new evidence which is material because there is a reasonable possibility that the outcome of the decision of the Appeals Council and the Commissioner would have changed. Further, there is good cause for M.I.A.'s failure to produce the evidence at the original proceeding because his second application was granted after the hearing and decision. The ALJ denied M.I.A.'s disability benefits on February 23, 2007. On August 6, 2007, a second application was granted, awarding benefits as of June 11, 2007. The time frame between the denial of benefits and the grant of benefits is less than four months. Moreover, the decision on the first application became final after the period of disability began on the second application. Specifically, the Appeals Council denied review of the ALJ's

February 23, 2007, denial of benefits on July 21, 2007, one month after the disability date of June 11, 2007, and only two weeks before the second application was granted on August 6, 2007.  There is no question that M.I.A. was disabled as of June 11, 2007.  Further, there is no allegation by the Commissioner that the evidence presented in the second application does not relate to the time for which benefits were denied in the first application.  Therefore, the question whether M.I.A. was disabled on February 23, 2007, remains open.

Accordingly, the decision of the Commissioner is reversed, and the case is remanded pursuant to the fourth sentence of § 405(g).

New Orleans, Louisiana, this __20th__ day of October, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**